IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GLEN NOLAN JONES
ADC # 80860                                                                                                  PLAINTIFF

V.                                    5:07CV00094 WRW/HDY

REVONNA WALKER, Classification Officer, Varner
Unit, Arkansas Department of Correction; GRANT HARRIS,
Warden, Varner Unit, Arkansas Department of Correction;
and RAY HOBBS, Deputy/Asst. Director,
Arkansas Department of Correction                                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.     Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, a prisoner at the Varner Unit of the Arkansas Department of Correction, filed a *pro se* Complaint (docket entry #2) pursuant to 42 U.S.C. § 1983, alleging various constitutional violations against Defendants. Upon review of Plaintiff's Complaint, the undersigned recommends finding that Plaintiff has failed to state a cognizable claim for relief as to his claims against Defendants.

**I.  Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from

a defendant who is immune from such relief.   28 U.S.C. § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  A plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.  Plaintiff's Factual Allegations

Plaintiff contends that he has remained in administrative segregation for over a year without a personal interview with the warden, as required by the Arkansas Department of Correction's own procedures.   Although Plaintiff does not relate what circumstances led to his placement in administrative segregation, the "Administrative Segregation Review" forms provided by Plaintiff as Exhibits show a finding that Plaintiff "is a threat to the security and good order of the institution" and mention a potential escape risk.  Plaintiff claims that he was entitled to a personal interview with the warden, Defendant Harris, on December 21, 2006, according to Administrative Directive 01-11 (Exhibit #2).  In response to his grievance on this issue, Defendant Hobbs found his claim to have merit and, to resolve it, arranged that Plaintiff have a Warden's Review on April 6, 2007.  Plaintiff contends, however, that the Warden's Reviews on June 12, 2006 and April 6, 2007 were not

sufficient. He charges that this amounts to a denial of due process and by way of relief he seeks damages for each day he has spent in administrative segregation beyond one year.

### III. Analysis

Plaintiff's claims fail for (at least) three reasons. First, to establish a due process violation, plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 710-12 (1976). The Due Process Clause does not protect prisoners from every adverse change in their confinement. *Sandin v. Connor*, 515 U.S. 472, 478 (1995). If the conditions and degree of confinement are within the sentence imposed and do not otherwise violate the Constitution, prisoners have no claim under the Due Process Clause. *Montayne v. Haymes*, 427 U.S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 225 (1976)(no liberty interest arising from Due Process Clause itself in transfer from low to maximum security prison, because confinement in any state institution is within normal limits or range of custody which the conviction has authorized the state to impose). *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (prisoners have no inherent right to remain in general population). Disciplinary action taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence." *Sandin,* 515 U.S. at 485.

A liberty interest in avoiding particular conditions of confinement, however, may arise from state policies or regulations, subject to the limitations of *Sandin. Wilkinson v. Austin*, 545 U.S. 209, 222 (2005). *Sandin* provides that to determine whether prisoners have a liberty interest under state law, the court must look at the nature of the deprivation. *Sandin* at 481. Generally, state-created liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. Segregated

confinement does not normally "present a dramatic departure from the basic conditions" of prison life. *Id.* at 486. Thus, pursuant to *Sandin*, an inquiry into the existence of a state-created liberty interest in avoiding restrictive conditions of confinement does not focus on the language of the state regulations regarding these conditions, but rather, the nature of the conditions themselves in "relation to the ordinary incidents of prison life." *Wilkinson*, 545 U.S. at 223.

The Eighth Circuit has held that the conditions of segregation do not impose an atypical and significant hardship in relation to a prisoner's ordinary incidents of prison life; thus, even assignment to segregation, without cause, does not impose an atypical and significant hardship that would implicate a liberty interest protected by constitutional due process. *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir.2001); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir.2003). Plaintiff's claims challenging his assignment to administrative segregation, or his continued presence there, fail to allege conditions of confinement which implicate a liberty interest protected under the Due Process Clause.

Furthermore, Plaintiff's claims challenging prison officials' failure to follow their own policies and process also do not provide for a liberty interest which would be protected by due process. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir.2003)(*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir.1996)("Due Process Clause does not federalize state procedural requirements")). Process or procedure is not an end in itself; rather, its purpose is to protect a substantive interest, in this case the conditions of a prisoner's confinement. *See Kennedy v. Blankenship*, 100 F.3d at 643 (citations omitted).

Lastly, it appears that Plaintiff has not stated a claim because he has failed to allege any harm that he suffered by the alleged failure of Defendant Harris to conduct a "Warden's Review" on

December 21, 2006. Presumably, Plaintiff means that, had such a review been held, he would have been released from administrative segregation into general population. But, when the remedial Warden's Review was conducted on April 6, 2007, the finding was, again, that Plaintiff was "a threat to the security and good order of the institution" with a recommendation that he remain in administrative segregation. Therefore, there is no indication that Plaintiff would have been returned to general population had his status been reviewed in December; in fact, given that he remained in administrative segregation following his April review, it seems most likely that a December review would have resulted in the very same result. Accordingly, it would appear that Plaintiff has suffered no real actual injury as a result of this alleged failure.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED that:

1) Plaintiff's Complaint (docket entry #2) be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2) Dismissal of this action constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

DATED this __15__ day of May, 2007.

*H Daniel Young*
_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."